# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2558

_____

Robert F. Baker,                                     *
                                                     *
          Appellant,                                 *
                                                     *
     v.                                              *   Appeal from the United States
                                                     *   District Court for the
B. Boyle; Pottawattamie County Jail,                 *   Southern District of Iowa.
Members of the Medical Staff;                        *
R.N., S.W.,                                          *        [UNPUBLISHED]
                                                     *
          Appellees.                                 *

_____

Submitted: June 19, 2009
Filed: June 25, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Robert Baker (Baker) appeals the district court's[1] order dismissing his 42 U.S.C. § 1983 action without prejudice for failure to exhaust administrative remedies.

After careful review, see Rouse v. Benson, 193 F.3d 936, 939 (8th Cir. 1999) (stating a grant of summary judgment is reviewed de novo), we conclude dismissal

_____

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

was proper because the record before the district court showed Baker did not complete the third step of Pottawattamie County Jail's grievance procedure, see 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); Woodford v. Ngo, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so *properly*"); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory"), and nothing in the record indicates this step in the procedure was unavailable to Baker, see Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000) (concluding an inmate's subjective beliefs, logical or otherwise, are irrelevant in determining whether administrative procedures are available).

Accordingly, we affirm. We also deny Baker's motion to obtain state court transcripts. See Huelsman v. Civic Ctr. Corp., 873 F.2d 1171, 1175 (8th Cir. 1989) (relating that "[a]n appellate court can properly consider only the record and facts before the district court and thus only those papers and exhibits filed in the district court can constitute the record on appeal").

_____